1. David B. Monks (SBN 164232)
   E-Mail: dmonks@fisherphillips.com
2. Daniel J. Kanter (SBN 271619)
   E-Mail: dkanter@fisherphillips.com
3. Christopher M. Jevsevar (SBN 311106)
   E-Mail: cjevsevar@fisherphillips.com
4. FISHER & PHILLIPS LLP
   4747 Executive Drive, Suite 1000
5. San Diego, California 92121
   Telephone: (858) 597-9600
6. Facsimile: (858) 597-9601

Attorneys for Defendants
Silicon Valley Growth Syndicate Fund I, L.P.; Silicon Valley Growth Syndicate I, L.L.C.; International Direct Mail Consultants, Inc. dba International Direct Marketing Consultants; Lee William McNutt, III, and William Bunker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>SILICON VALLEY GROWTH SYNDICATE I, L.L.C.; SILICON VALLEY GROWTH SYNDICATE FUND I, L.P.; INTERNATIONAL DIRECT MAIL CONSULTANTS, INC., d.b.a. INTERNATIONAL DIRECT MARKETING CONSULTANTS, INC.; LEE WILLIAM MCNUTT; WILLIAM BUNKER; RUSSELL LEWIS; and DOES ONE through TEN, inclusive,<br><br>Defendants.<br><br>JANE DOE,<br><br>Real Party in Interest. | Case No:<br><br>[*Removed from the Superior Court of California, County of San Francisco, Case No. CGC-19-577178*]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, AND 1446**<br><br><br><br>Complaint Filed: June 28, 2019<br>Trial Date: Not set |

/ / /

/ / /

/ / /

**TO PLAINTIFF AND ITS COUNSEL OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants Silicon Valley Growth Syndicate Fund I, L.P., Silicon Valley Growth Syndicate I, L.L.C., International Direct Mail Consultants, Inc., Lee William McNutt, III, and William Bunker (collectively "Defendants"), through their counsel of record and with the consent of the other named (but unserved) Defendant, submit this notice of removing the action filed against them in the Superior Court of California, County of San Francisco, by Plaintiff Department of Fair Employment and Housing to the United States District Court for the Northern District of California. The authority for the removal is 28 U.S.C. §§ 1332(a), 1441, and 1446. The grounds for removal are as follows:

## I.     PROCEDURAL HISTORY

1. On June 28, 2019, Plaintiff filed a Civil Rights Complaint for Compensatory and Punitive Damages, Declaratory Judgment, and Injunctive Relief Based on Harassment Because of Sex ("Complaint") in the Superior Court of California, County of San Francisco, on its behalf and on behalf of "Jane Doe," the real party in interest. (Case No. CGC-19-577178.) The Complaint alleges two causes of action: (1) Harassment Based on Sex (in violation of California Government Code section 12940); and (2) Violation of Personal Rights (in violation of California Civil Code section 51.9). *See*, Declaration of Christopher M. Jevsevar ("Jevsevar Decl.") ¶ 2, Exhibit 1.

2. Five of the six named defendants have been served; for four of them, service was effective July 12, 2019: Silicon Valley Growth Syndicate I, L.L.C. ("the LLC"); Silicon Valley Growth Syndicate Fund I, L.P. ("the LP"); International Direct Mail Consultants, Inc. ("IDMC"); and Lee William McNutt, III. Jevsevar Decl. ¶ 3(a) – (d).

3. Mr. Bunker's service effective date is pending:

   (a)   Plaintiff delivered the summons and complaint papers via UPS on July 20;

   (b)   someone in Mr. Bunker's household signed for the papers;

   (c)   it is expected that Plaintiff has mailed, or will soon mail, copies of those

papers;

        (d)    assuming the mailing date is July 20 or 22, service on Mr. Bunker will be effective on July 30 or August 1. Jevsevar Decl. ¶ 3(e).

4. One of the six named defendants has not yet been properly served: Russell Lewis. Jevsevar Decl. ¶ 3(f).

5. None of the five served defendants has filed an answer or other response to the Complaint. Jevsevar Decl., ¶ 4.

6. The only other pleading on file in this matter is the DFEH's Notice of Motion and Motion to Proceed Using Fictitious Names, filed on July 3, 2019, and set for hearing on July 30, 2019. Jevsevar Decl., ¶ 5; Exhibit 2.

## II.    VENUE AND INTRADISTRICT ASSIGNMENT

7. Because Plaintiff's state-court action was filed in the Superior Court of California for the County of San Francisco, it is properly removed to the United States District Court for the Northern District of California. *See* 28 U.S.C. §§ 84(a) and 1441(a).

8. **Intradistrict Assignment.** Under Civil L.R. 3-2(d), because this action was originally filed in San Francisco County, it is properly assigned to either the San Francisco Division or the Oakland Division of this Court.

9. Defendants reserve the right to challenge the venue of this action to promote the convenience of the parties and witnesses and to further the interests of justice.

## III.    BASIS FOR DIVERSITY JURISDICTION

10. **Jurisdiction.** District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States[.]" 28 U.S.C. § 1332(a)(1). This action is one that Defendants may remove to this Court under the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. As such, this Court can properly exercise diversity jurisdiction over this matter.

A.   **Plaintiff's Citizenship**

   *1.   The DFEH's presence is irrelevant in assessing diversity.*

11.   A state is not a "citizen" for the purposes of diversity jurisdiction. *Moor v. Alameda County*, 411 U.S. 693, 717, 93 S. Ct. 1785, 1800 (1973). Thus, "neither a state nor a state agency [can] be a party to a diversity action." *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). Nevertheless, "the mere presence on the record of [a] state as a party plaintiff will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy." *Ex parte Nebraska*, 209 U.S. 436, 444, 28 S. Ct. 581 (1908). Stated differently, "a State's presence in a lawsuit will defeat jurisdiction under 28 U.S.C. § 1332(a)(1) only if the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate." *Department of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737–38 (9th Cir. 2011) (citations omitted).

12.   Here, the relief sought does not inure to the state alone. The Ninth Circuit has expressly held that the DFEH is not the "real party in [] controversy for the purposes of diversity jurisdiction" and that when the DFEH brings an action on behalf of the real party at interest its presence in the case does not defeat the proper exercise of diversity jurisdiction. *Lucent Techs., Inc.*, 642 F.3d at 740. Accordingly, the DFEH's presence in the case at bar is not relevant for assessing the parties' diversity of citizenship.

   *2.   "Jane Doe" is a citizen of Virginia*

13.   The party currently proceeding as "Jane Doe" is the Real Party in Interest. Jane Doe is now, and was at the time this lawsuit was filed, a resident of Richmond, Virginia.

14.   The Complaint does not reference Jane Doe's citizenship. However, her Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act ("DFEH Complaint"), signed on September 5, 2018, shows that Ms. Doe's current address is in Richmond, Virginia. Declaration of Lee William McNutt, III ("McNutt Decl.") ¶ 11, Exhibit 5. Ms. Doe's Richmond residence is *prima facie* evidence of the fact that Virginia is her domicile for purposes of assessing diversity jurisdiction. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

CASE NO. _____
DEFENDANTS' NOTICE OF REMOVAL

520 (10th Cir. 1994). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile once acquired is presumed to continue until it is shown to have been changed."). Likewise, it is presumed that a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986).

15. Other facts that show that Ms. Doe is a citizen of Virginia include:

(a) Ms. Doe has lived in Virginia her entire life, except for four years as an undergraduate student at Southern Methodist University. McNutt Decl. ¶ 10(a).

(b) When Ms. Doe signed an employment agreement with IDMC in June 2017, she wrote her address as being in Richmond, Virginia. McNutt Decl. ¶ 9.

(c) Ms. Doe's "first choice" was to attend medical school in Virginia because she could get in-state tuition based on her lifelong residency there. McNutt Decl. ¶ 10(b).

(d) Ms. Doe applied to Virginia-based medical schools for the 2018-2019 school year and was admitted to, and planned to attend, Virginia Commonwealth University School of Medicine. McNutt Decl. ¶ 10(c).

(e) According to her LinkedIn profile, Ms. Doe is currently a medical student at Virginia Commonwealth University School of Medicine, Class of 2022. Jevsevar Decl. ¶ 6, Exhibit 3.

(f) Virginia Commonwealth University is in Richmond, Virginia. Request for Judicial Notice in Support of Defendants' Notice of Removal of Action ¶ 1.

(g) Ms. Doe intends to participate in a residency program in Virginia following her graduation from medical school at Virginia Commonwealth University. McNutt Decl. ¶ 10(d).

16. Based on the facts set forth in paragraphs 12 through 14 above and the McNutt Declaration, Ms. Doe is domiciled in Virginia and is a citizen of that state for purposes of assessing diversity jurisdiction.

///

///

B. **Defendants' Citizenship**

### *1. The LLC is a citizen of Arkansas, Nevada, and Texas.*

17. A limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The members of the LLC are Mr. Bunker, Mr. Lewis, and the LWM, III GS-Trust. Declaration of William W. Bunker ("Bunker Decl.") ¶ 2; Declaration of Russell Lewis ("Lewis Decl.") ¶ 2; McNutt Decl. ¶ 5. For purposes of diversity jurisdiction, the citizenship of a trust is based on the citizenship of its members, which includes the shareholder-beneficiaries as well as the trustees. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016, 194 L. Ed. 2d 71 (2016). Accordingly, the citizenship of the LLC's members and of the LLC itself is:

(a) Mr. Bunker is a citizen of Arkansas. He was a citizen of Arkansas both when the state court action was filed, and at the time of removal. Bunker Decl. ¶ 4.

(b) Mr. Lewis is a citizen of Nevada. He was a citizen of Nevada both when the state court action was filed, and at the time of removal. Lewis Decl. ¶ 4.

(c) Mr. McNutt (the sole trustee of the LWM, III GS-Trust) and his children (the beneficiaries of that trust) are all citizens of Texas. They were citizens of Texas both when the state-court action was filed, and at the time of removal. McNutt Decl. ¶¶ 2, 6. So, the LWM, III GS-Trust is a citizen of Texas.

18. Based on the facts described in paragraph 16 above, the LLC is a citizen of Arkansas, Nevada, and Texas for the purposes of assessing diversity jurisdiction.

### *2. The LP is a citizen of Arkansas, Nevada, and Texas.*

19. A limited partnership has the citizenship of each of its partners, whether general or limited. *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). The managing partners of the LP are the LLC, Mr. Bunker, Mr. Lewis, and the LWM, III GS-Trust. Bunker Decl. ¶ 3; Lewis Decl. ¶ 3; McNutt Decl. ¶ 4. As such, the citizenship of the LP's partners and of the LP itself is:

(a) The LLC is a citizen of Arkansas, Nevada, and Texas (see paragraph 16 above).

(b) Mr. Bunker is a citizen of Arkansas. He was a citizen of Arkansas both when the state court action was filed, and at the time of removal. Bunker Decl. ¶ 4.

(c) Mr. Lewis is a citizen of Nevada. He was a citizen of Nevada both when the state court action was filed, and at the time of removal. Lewis Decl. ¶ 4.

(d) The LWM, III GS-Trust is a citizen of Texas (see paragraph 16 above).

(e) None of the other limited partners is a citizen of Virginia, Ms. Doe's state of citizenship. Bunker Decl. ¶ 3.

20. For the reasons set forth above, the LP is a citizen of Arkansas, Nevada, and Texas (and, arguably, some other states but not Virginia) for the purposes of assessing diversity jurisdiction.

### 3. *IDMC is a citizen of Texas.*

21. A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). A corporation's "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz v. Friend*, 559 U.S. 77 (2010). In practice, the nerve center is normally the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination. *Id.* IDMC was incorporated in Texas. McNutt Decl. ¶ 3. Mr. McNutt, IDMC's president and director, has always directed, controlled, and coordinated IDMC's corporate activities from Texas. McNutt Decl. ¶ 3. IDMC is a citizen of Texas for purposes of assessing diversity jurisdiction.

### 4. *The individual defendants are citizens of Texas, Arkansas, and Nevada.*

22. The state citizenship of a natural person is determined by his state of domicile, which is his permanent home where he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001). Mr. McNutt is a citizen of Texas. McNutt Decl. ¶ 2. Mr. Bunker is a citizen of Arkansas. Bunker Decl. ¶ 4. Mr. Lewis is a citizen of Nevada. Lewis Decl. ¶ 4.

### 5. *Doe Defendants' citizenship is disregarded for the purposes of diversity jurisdiction.*

23. The Complaint also names "Doe" Defendants "One through Ten." Under 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded. *See, e.g., Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the Doe Defendants in the case at bar does not impact the diversity analysis for removal.

### C. The Existence of Complete Diversity

24. Because Ms. Doe is a citizen of Virginia and Defendants are citizens of Texas, Arkansas, and Nevada, complete diversity of citizenship exists for purposes of diversity jurisdiction.

### D. Amount in Controversy

25. Plaintiff's Complaint does not identify the amount in controversy in this action, though the Complaint and Civil Cover Sheet does indicate that the amount in controversy exceeds the minimum jurisdiction amount for the superior court ($25,000). Exhibit 1, Complaint ¶ 25. However, the $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome and can be determined from other sources, including statements made in the Notice of Removal. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining the complaint and removal notice in assessing amount in controversy); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint").

26. Defendants adamantly deny all allegations of unlawful conduct, deny any liability to Plaintiff and/or Jane Doe, and deny that Plaintiff and/or Jane Doe can recover any damages. Nevertheless, in assessing the amount in controversy for diversity-jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972);

*Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010). Further, a court must account for claims for not only compensatory damages, but also punitive damages. *See, e.g., Bell v. Preferred Life Ass'n Society*, 320 U.S. 238, 240 (1940); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action").

27. In the instant case there is no doubt that the amount in controversy exceeds the $75,000 minimum. Plaintiff's Prayer for Relief requests: (1) "compensatory damages for [Ms. Doe's] emotional distress, mental anguish, pain and suffering, and other emotional injury resulting from defendants' unlawful conduct, according to proof, with interest at the applicable legal rate;" (2) "punitive damages according to proof;" and (3) "costs, including reasonable attorneys fees, to the DFEH as provided by statute." Complaint at Prayer for Relief, ¶¶ 4, 5, 7.

### 1. *Potential compensatory damages for emotional distress likely exceed $75,000.*

28. Based on the allegations of sexual harassment, Plaintiff seeks an unspecified amount of compensatory damages for "emotional distress, mental anguish, pain and suffering, and other emotional injury…" that Ms. Doe suffered. Plaintiff alleges that she "has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression and mental pain and anguish. . . . ." Complaint at Prayer for Relief, ¶ 4. Plaintiff's claim for compensatory damages for emotional distress, on its own, likely exceeds $75,000. *See Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (noting that emotional distress damages in a successful employment case "may be substantial"). A number of recent verdicts in employment cases confirm that emotional distress awards in employment cases, standing alone, can easily exceed $75,000[1]:

---

[1] *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C.D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *see also Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to

(a) *Sonia Lozano v. Alcoa Inc., Alcoa Fastening Systems*, Superior Court of California, County of Los Angeles, 2006 WL 2561276 (Cal.Super. Apr. 19, 2006) (jury awarded the plaintiff **$9,065,000** after determining that the plaintiff was wrongfully terminated and that defendant intentionally inflicted emotional distress on her);

(b) *Forer vs. St. Luke's Hospital*, United States District Court, N.D. California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) (jury awarded **$260,000** for emotional distress in connection with the plaintiff's wrongful termination claim);

(c) *Andrews vs. Hansa Stars Inc.*, Superior Court of California, County of Los Angeles, 2009 WL 1587809 (Cal.Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs received **$375,000** and **$225,000** for emotional distress damages);

(d) *Silverman vs. Stuart F. Cooper Inc.*, Superior Court of California, County of Los Angeles, 2013 WL 5820140 (Cal.Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in case involving claims for wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages).

29. Although Defendants adamantly deny that any award of damages are recoverable, Plaintiff's prayer for compensatory damages for emotional distress, by itself, satisfies the $75,000 requirement.

### 2. *Potential punitive damages also likely exceed $75,000.*

30. Plaintiff also wants Defendants to pay punitive damages according to proof. Complaint at Prayer for Relief, ¶ 5. Many punitive damages verdicts against businesses exceed $75,000.00. *See Duin v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 451 (S.D. Cal. 1995). For instance, the Court might find useful the following punitive damages verdicts:

reach conclusion that the amount in controversy exceeded $75,000.00).

(a)     *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*, Los Angeles Superior Court Case No. BC511139, 2015 WL 4748037 (Cal. Super. July 17, 2015) (jury verdict for the plaintiff in the amount of $8,769,128, including **$5,000,000 in punitive damages**, $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, and $1,000,000 for future economic loss, for claims of wrongful termination, disability discrimination, harassment, and retaliation in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation).

(b)     *Verdine v. McDonnel-Douglas Corp. et al.*, 1998 WL 35471332 (Cal.Super. July 7, 1998) (**$26,000,000 in punitive damages**, $544,205 in economic damages; and $1,500,000 in non-economic damages awarded in wrongful termination case).

(c)     *Yang v. ActionNet, Inc.*, No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016) (wrongful termination case where $2,400,000 in compensatory damages and **$5,000,000 in punitive damages** awarded to the plaintiff)

31.     Although Defendants adamantly deny that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 requirement.

### 3.     *The potential award of attorney's fees also likely exceeds $75,000.*

32.     Plaintiff seeks costs, including reasonable attorneys fees. Complaint at Prayer for Relief, ¶ 7. As one court stated, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 153 (D.D.C. 2014). Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along with compensatory and punitive damages." *Parker-Williams*, 53 F.Supp.3d at 152. It is also more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

33.     Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding

the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, Plaintiff's state-court action may be removed to the United States District Court for the Northern District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

### IV.   TIMELINESS OF REMOVAL

34.   Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise…" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Four of the six named defendants have been served effective on July 12, 2019. (See paragraph 2 above.) Service on the fifth served defendant, Mr. Bunker, will be effective on July 30 or August 1. (See paragraph 3 above.) Having been filed well before August 11, 2019, this Notice of Removal is timely.

### V.   ALL DEFENDANTS JOIN OR CONSENT TO REMOVAL

35.   All Defendants either join or consent to the removal of the action, as required by 28 U.S.C. § 1446(b)(2)(A). McNutt Decl. ¶ 8; Bunker Decl. ¶ 5; Lewis Decl. ¶ 6.

### VI.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

36.   Written notice of this Notice of Removal is being served on Plaintiff's counsel of record at Department of Fair Employment and Housing, 2218 Kausen Drive, Suite 100, Elk Grove, California 95758. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached as **Exhibit A** (without its exhibit because the exhibit is this Notice). In addition, a copy of this Notice of Removal is being filed with the Clerk of the Court in the Superior Court of California, County of San Francisco. A copy of the Notice to State Court of Removal of Action to Federal Court is attached as **Exhibit B** (without its exhibit because the exhibit is this Notice).

///
///
///
///

37. Defendants respectfully request that above-referenced litigation, now pending in the Superior Court of California, County of San Francisco, be removed to this Court based on federal diversity jurisdiction.

Dated: July 21, 2019

Respectfully submitted,

FISHER & PHILLIPS LLP

By: /s/ David B. Monks

David B. Monks
Daniel J. Kanter
Christopher M. Jevsevar
Attorneys for Defendants
Silicon Valley Growth Syndicate Fund I, L.P.;
Silicon Valley Growth Syndicate I, L.L.C.;
International Direct Mail Consultants, Inc. dba International Direct Marketing Consultants;
Lee William McNutt, III; and William Bunker