JANETTE WIPPER (#275264)
  Chief Counsel
  Janette.Wipper@dfeh.ca.gov
MELANIE L. PROCTOR (#228971)
  Associate Chief Counsel
  Melanie.Proctor@dfeh.ca.gov
ANDREW S. HUANG (#193730)
  Associate Chief Counsel
  Andrew.Huang@dfeh.ca.gov
MARTHA L. GOMEZ (#274024)
  Senior Staff Counsel
  Martha.Gomez@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING
2218 Kausen Drive #100
Elk Grove, CA 95758
Telephone:  (916) 478-7251
Facsimile:   (888) 382-5293

Attorneys for Plaintiff
Department of Fair Employment and Housing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>SILICON VALLEY GROWTH SYNDICATE I, L.L.C., et al.<br><br>                                    Defendants.<br><hr>JANE DOE,<br><br>                         Real Party in Interest. | Case No. 19-cv-04204-RS<br><br>**DECLARATION OF MELANIE PROCTOR IN SUPPORT OF DFEH's MOTION TO ENFORCE SETTLEMENT** |

-1-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
PROCTOR DECLARATION IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

I, Melanie L. Proctor, declare:

1. I am an attorney licensed to practice before all courts of the State of California. I serve as Associate Chief Counsel for plaintiff, the Department of Fair Employment and Housing ("the DFEH"). In my official capacity, I am assigned to this case. I have personal knowledge of the matters stated in this declaration and I am prepared to so testify if called as a witness.

2. On December 3, 2019, the parties attended a settlement conference scheduling call with Magistrate Judge Robert M. Illman. Exhibit 1 is a true and correct copy of the transcript of the December 3, 2019 settlement conference scheduling call.

3. Pursuant to Judge Illman's settlement conference schedule, on February 4, 2020, the DFEH submitted a mediation brief to Judge Illman. The DFEH hereby waives its mediation privilege. Exhibit 2 is a true and correct copy of the DFEH's mediation brief. The brief has been redacted to protect the privacy of others. On that date, the DFEH and Plaintiff Intervenor made a settlement demand to Defendants. The settlement demand letter included the injunctive relief set forth in the DFEH's mediation statement.

4. Both the DFEH and Plaintiff Intervenor waive the mediation privilege with respect to the joint demand letter attached as Exhibit C to the DFEH's mediation brief. Exhibit 3 is a true and correct copy of an email I received from counsel, waiving the privilege.

5. Prior to and at the settlement conference, Defendants Lee William McNutt ("McNutt"), International Direct Marketing Consultants, Inc. ("IDMC"), William Bunker ("Bunker"), Russell Lewis ("Lewis"), Silicon Valley Growth Syndicate I, LLC ("SVGS I"), and Silicon Valley Growth Syndicate Fund I, LP ("SVGS Fund") indicated that the injunctive relief terms were largely acceptable. Defendants represented that McNutt had settlement authority on all defendants' behalf. At the mediation, McNutt represented that he was no longer a partner with SVGS I and SVGS Fund I but represented that he had settlement authority for Bunker and Lewis.

6. Exhibit 4 is a true and correct transcript of the February 18, 2020 recorded settlement.

7. Exhibit 5 are true and correct copies of the email and attachments I sent to Defendants (through counsel). To date, no defendant has proposed redlines to the proposed consent decree or joint motion for entry of the consent decree.

-2-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
PROCTOR DECLARATION IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

8. On Thursday, March 12, 2020, David Monks, counsel for Defendants informed the DFEH that Bunker, Lewis, SVGS I, and SVGS Fund disputed that anyone had authority to bind them to the terms of the settlement.

9. On Friday, March 13, 2020, Patrick Stokes of Jackson Lewis informed the DFEH that he and the firm now represent Bunker, Lewis, SVGS I, and SVGS Fund, and that he would file a substitution of counsel notice within three business days. He attached to that email the fully executed substitution of counsel, the draft joint dismissal, and the draft consent decree. Exhibit 6 is a true and correct copy of counsel's email and notice of substitution of counsel.

10. On March 16, 2020, the DFEH and counsel for Bunker, Lewis, SVGS I, and SVGS Fund spoke on the phone. During the call, Mr. Stokes represented that he could not file the notice of substitution yet because signatures were still pending. To date, counsel has not filed the notice.

11. On March 13, 16, and 17, 2020, I emailed and telephoned David Monks, counsel for Defendants McNutt and International Direct Marketing Consultants, Inc. to inquire about their specific proposal to resolve this matter without further litigation. Mr. Monks has not responded to my inquiries nor has he offered any reason for his failure to do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of March 2020 in El Cerrito, California.

By: _____
MELANIE L. PROCTOR