Exhibit 4

```
 1                 UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3    Before The Honorable Robert M. Illman, Magistrate Judge

 4

 5 DEPARTMENT OF FAIR EMPLOYMENT )
   AND HOUSING,                  )
 6                               )
              Plaintiff,         )
 7                               )
   vs.                           )  No. C 19-04204-RS
 8                               )
   SILICON VALLEY GROWTH         )
 9 SYNDICATE I, LLC,             )
                                 )
10            Defendant.         )
   _____)
11
                                    San Francisco, California
12                                  Tuesday, February 18, 2020

13
     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
14              RECORDING 5:11 - 5:24 = 13 MINUTES

15 APPEARANCES:

16 For Plaintiff:
                                    Department of Fair Employment
17                                    and Housing
                                    2218 Kausen Drive, Suite 100
18                                  Elk Grove, California 95758
                              BY:   MELANIE L. PROCTOR, ESQ.
19

20 For Plaintiff Intervenor:
                                    Arcadi Jackson, LLP
21                                  2911 Turtle Creek Boulevard
                                    Suite 800
22                                  Dallas, Texas 75219
                              BY:   SEEMA TENDOLKAR, ESQ.
23

24

25             [APPEARANCES CONTINUED ON NEXT PAGE]
```

```
                                                                2
 1  APPEARANCES:  (Cont'd.)

 2  For Defendant:
                              Fisher & Phillips, LLP
 3                            4747 Executive Drive
                              Suite 1000
 4                            San Diego, California 92121
                         BY:  DAVID B. MONKS, ESQ.
 5

 6  Transcribed by:           Echo Reporting, Inc.
                              Contracted Court Reporter/
 7                            Transcriber
                              echoreporting@yahoo.com
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1 Tuesday, February 18, 2020                                    5:11 p.m.
2                         P-R-O-C-E-E-D-I-N-G-S
3                                --oOo--
4           THE CLERK:  Calling Civil Action 19-4204,
5 Department of Fair Employment and Housing versus Silicon
6 Valley Growth Syndicate I, LLC, et al.
7      Counsel, please state your appearances for the record.
8           MS. PROCTOR:  Melanie Proctor for the Department
9 of Fair Employment and Housing.
10          MS. TENDOLKAR:  Seema Tendolkar for Plaintiff
11 Intervener Jane Doe.
12          MR. MONKS:  David Monks for the Defendants.
13          THE COURT:  All right.  The parties have engaged
14 in settlement negotiations today and have reached an
15 agreement in principle in this matter, and so I'm going to
16 ask the parties to put the -- the material terms of the
17 agreement on the record.
18      Ms. Proctor, will you begin?
19          MS. PROCTOR:  Yes, your Honor.  This matter shall
20 be resolved by a consent decree and permanent injunction to
21 be filed in this court and shall be governed substantively
22 by the laws of California and shall be signed by Plaintiff
23 Intervener, the Department of Fair Employment and Housing,
24 and Defendants and shall be in effect for five years.
25          MR. MONKS:  Yes.

4

1        MS. PROCTOR:  Okay.  As to monetary relief, within
2 30 days after today, Defendants shall pay Jane Doe
3 $1,440,000 following payment instructions to be provided by
4 Doe's counsel.  Defendant shall pay the Department of Fair
5 Employment and Housing $360,000 for attorney fees and costs
6 following payment instructions by counsel for the Department
7 of Fair Employment and Housing.
8        MR. MONKS:  Yes, agreed.
9        MS. PROCTOR:  The injunctive relief terms are as
10 follows:
11        Defendants will cease and desist from
12 discriminating against employees, interns, or entrepreneurs
13 because of sex.
14        MR. MONKS:  Agreed.
15        MS. PROCTOR:  Defendant McNutt shall not videotape
16 or photograph girls and/or women.
17        MR. MONKS:  Which number are you looking at?
18        THE COURT:  Two.
19        MS. PROCTOR:  Two.
20        MR. MONKS:  Who are not family members.
21        MS. PROCTOR:  Okay.  Who are not family members.
22     Defendant McNutt shall permanently destroy all
23 versions, electronic or printed, photographs and videos of
24 girls and/or women who are not family members that are in
25 his possession, custody or control, including but not

5

```
 1  limited to all photographs and videos of Plaintiff
 2  intervener.
 3          MR. MONKS:  Agreed.
 4          MS. PROCTOR:  For a period of five years after the
 5  effective date of the consent decree, if Mr. McNutt travels
 6  to Richmond, Virginia, he will, via his counsel, inform
 7  Doe's counsel of the dates of his travel to Richmond and the
 8  location where he will be staying in Richmond.
 9          MR. MONKS:  Agreed.
10          MS. PROCTOR:  Defendant McNutt, either
11  individually or through an agent, including but not limited
12  to an attorney or private investigator, shall permanently
13  cease contact with Plaintiff Intervenor, all of her friends,
14  and all of her family members.
15       Ms. Doe will cease contact with all members of the
16  McNutt family, including spouse, children, and
17  grandchildren.
18          MR. MONKS:  I don't remember friends being part of
19  this.  It's not in my version, and I don't know who her
20  friends are.  So we can't really agree to that as phrased.
21          MS. PROCTOR:  Okay.  Strike "all of her friends."
22          MR. MONKS:  All right.  Agreed as modified.
23          MS. PROCTOR:  Defendant McNutt shall permanently,
24  not knowingly come within 100 yards of Plaintiff Intervenor
25  and all of her family members.
```

```
                                                                  6
 1            MR. MONKS:  Agreed.
 2            MS. PROCTOR:  Defendant McNutt shall permanently
 3   not disparage Ms. Doe.  Ms. Doe shall not disparage
 4   Defendant McNutt.  However, this provision does not prevent
 5   Ms. Doe from complying with a subpoena or government request
 6   for information.
 7            MR. MONKS:  Agreed.
 8            MS. PROCTOR:  Defendant McNutt shall permanently
 9   cease contact with any individual named or indicated in the
10   disclosures, document production, or discovery responses
11   provided or produced in this lawsuit, whether provided by a
12   party or non-party, who has alleged that McNutt harassed or
13   engaged in inappropriate contact with or towards them, and
14   Defendant McNutt shall permanently not disparage any
15   witnesses named or indicated in the disclosures, document
16   production, or discovery responses provided or produced in
17   this lawsuit, whether by a party or a non-party who alleged
18   McNutt harassed them.
19            MR. MONKS:  Agreed.
20            THE COURT:  I'm sorry, Counsel.  You did say
21   contact, and I believe it was conduct in the middle there.
22            MS. PROCTOR:  Inappropriate conduct.
23            THE COURT:  Okay.
24            MS. PROCTOR:  Yes, your Honor.  Thank you.
25       Defendant McNutt shall permanently not hire or employ
```

1  for any position, including but not limited to babysitting,
2  house sitting, pet sitting, modeling, internships, part-time
3  employment or full-time employment, whether individually at
4  his residence or through an entity that he owns or controls
5  any undergraduate or graduate student at Southern Methodist
6  University.  This provision shall apply to any member of
7  McNutt's household.  For example, McNutt shall not escape
8  this clause by attributing hiring decisions to his spouse.
9          MR. MONKS:  Agreed.
10         MS. PROCTOR:  For a period of five years after the
11 effective date of the consent decree, if any of the
12 individual Defendants have a controlling ownership interest
13 in another entity, that entity must have effective anti-
14 harassment, anti-discrimination, and anti-retaliation
15 policies in place.
16     Defendants must provide a copy of these policies to the
17 DFEH for review and approval.
18         MR. MONKS:  Agreed.
19         MS. PROCTOR:  For a period of five years after the
20 effective date of the consent decree, Defendants must advise
21 all employees, interns, volunteers or any other person doing
22 work for them of their rights to complain of any harassment
23 or discrimination under any applicable state or federal law.
24         MR. MONKS:  Agreed.
25         MS. PROCTOR:  Within 30 days of the effective date

8

1 of the consent decree, Defendant Silicon Valley Growth
2 Syndicate shall be required at its own expense to ensure
3 that all non-supervisory employees, interns or volunteers
4 receive a minimum of 60 minutes of annual in-person training
5 on the prevention of discrimination, retaliation, and sexual
6 harassment in the workplace and all general partners and
7 supervisory employees receive a minimum of two hours of in-
8 person or webinar training on the prevention of
9 discrimination, retaliation, and sexual harassment in the
10 workplace, to take place every two years.
11     Defendant Silicon Valley Growth Syndicate's obligation
12 under this section shall remain in effect for five years
13 from the effective date of this consent decree.
14         MR. MONKS:  Agreed.
15         MS. PROCTOR:  For a period of three years from the
16 effective date of the consent decree, Defendant Silicon
17 Valley Growth Syndicate shall incorporate into all investor
18 meetings training on the prevention of discrimination,
19 retaliation, and sexual harassment in the workplace to be
20 provided by a trainer approved by the DFEH.
21         MR. MONKS:  Agreed.
22         MS. PROCTOR:  Defendants shall permanently include
23 in all their investment contracts, other than with publicly
24 traded companies, a non-discrimination clause prohibiting
25 all parties from discrimination or harassment on the bases

9

1  enumerated in California Government Code Section 12940 and
2  Title 7 of the Civil Rights Act 42 U.S. Code Section
3  2000(e).
4           MR. MONKS:  Agreed.
5           THE COURT:  For a period of five years after the
6  effective date of the consent decree, Defendants shall
7  report all complaints of discrimination or harassment to the
8  DFEH within 10 days of receiving any such complaint.  Upon
9  request, Defendants shall provide the DFEH with the results
10 and all related documents, files, including personnel files
11 of all involved personnel and materials to any
12 investigations conducted in response to the complaint.
13          MR. MONKS:  Agreed.
14          MS. PROCTOR:  Other --
15          MR. MONKS:  Do you want me to do the other terms?
16          MS. PROCTOR:  Okay.  So within three business
17 days, is that where we are?  Let's see.  I'm sorry.  We have
18 a -- a provision on -- yeah.  What other terms do we need?
19          MR. MONKS:  Ms. Doe's general release of all
20 claims relating to her relationships with the Defendants.
21          MS. TENDOLKAR:  Yes.
22          MR. MONKS:  With a waiver of California Civil Code
23 Section 1542.
24          MS. TENDOLKAR:  Agreed.
25          MR. MONKS:  Dismissal of Ms. Doe's State Court

10

1  lawsuit filed in Dallas, Texas against Mr. McNutt, with
2  prejudice.
3            MS. TENDOLKAR:  Within 10 days of receipt of the
4  payment.
5            MR. MONKS:  Yes.  Fair.  And, just on that, each
6  party to bear their costs and fees in that Texas lawsuit.
7            MS. TENDOLKAR:  Agreed.
8            MR. MONKS:  And I think those are the only other
9  ones I wanted to add.
10           MS. PROCTOR:  Okay.
11           THE COURT:  All right.  Does anybody have any
12 additional terms that they would like to add to the
13 agreement?
14           MR. MONKS:  Your Honor, if we could have one
15 second.  I think Ms. Doe wanted to speak with her attorney
16 for a second.
17           THE COURT:  Sure.
18      (Pause.)
19           MS. TENDOLKAR:  And one other issue with respect
20 to the payment issue in -- regarding monetary relief in
21 provision three.  Within 30 days after the parties sign this
22 term sheet, the Defendants shall pay Arcadi Jackson
23 $1,440,000 to be distributed to Doe and $360,000 to the
24 DFEH.
25           MR. MONKS:  That's fine.

11

```
 1            MS. TENDOLKAR:  Just changing who the pay --
 2            MR. MONKS:  That's fine.  You'll give us
 3 instructions for that --
 4            MS. TENDOLKAR:  Yes.
 5            MR. MONKS:  -- in a W-9 form?
 6            MS. TENDOLKAR:  Yes.
 7            THE COURT:  Okay.  All right.  Are we good?
 8            MS. TENDOLKAR:  And the parties to work together
 9 to execute whatever documents are necessary to effectuate
10 the settlement.
11            THE COURT:  That's what I was going to ask.  How
12 long will it take you guys to get the consent decree drafted
13 and -- and then sent over to the other side?
14            MS. TENDOLKAR:  I think from our perspective,
15 hopefully in the next, you know, two to three business days.
16            MS. PROCTOR:  Yes.
17            THE COURT:  Okay.  And then you guys will have a
18 chance to review it immediately, and then if there's any
19 problems with that -- I mean, we should get this wrapped up
20 really quickly.  If there's a problem with it, let me know.
21            MR. MONKS:  Okay.
22            MS. PROCTOR:  Okay.
23            MS. TENDOLKAR:  Yeah.
24            THE COURT:  But, otherwise, I would expect that
25 you guys would have that filed in, you know, 10 days or so
```

```
                                                                12
 1  at the latest.
 2            MS. TENDOLKAR:  That should work, your Honor.
 3            MS. PROCTOR:  Yes, your Honor.
 4            THE COURT:  Okay.  All right.  All right.  So, Mr.
 5  McNutt, you've heard the terms of the agreement as put on
 6  the record by counsel.  With respect to the terms that are
 7  enforceable against you and that you can agree to, do you
 8  understand those terms, and do you agree to be bound by
 9  them?
10            MR. MCNUTT:  Yes.
11            THE COURT:  All right.  And then on behalf of Ms.
12  Doe, you've heard the terms of the agreement as stated on
13  the record by counsel.  And do you understand those terms
14  and do you agree to be bound by them?
15            MS. DOE:  Yes.
16            THE COURT:  All right.  So I will inform Judge
17  Seeborg that we have reached a binding resolution today.  I
18  will inform him that the parties expect to file their
19  consent decree within 10 days and that this matter will be
20  closed at that point.
21        Anything further?
22            MR. MONKS:  No, your Honor.
23            MS. PROCTOR:  No, your Honor.
24            MS. TENDOLKAR:  No, your Honor.
25            THE COURT:  All right.  Thank you everyone.
```

```
                                                                    13
 1           MR. MONKS:  Thank you.
 2           MS. PROCTOR:  Thank you.
 3           MS. TENDOLKAR:  Thank you.
 4           THE COURT:  Thank you for your efforts.  All
 5  right.
 6       (Proceedings adjourned at 5:24 p.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                              14
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3      I certify that the foregoing is a true and correct
 4 transcript, to the best of my ability, of the above pages of
 5 the official electronic sound recording provided to me by
 6 the U.S. District Court, Northern District of California, of
 7 the proceedings taken on the date and time previously stated
 8 in the above matter.
 9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14              [signature]
15
16           Echo Reporting, Inc., Transcriber
17                Friday, March 13, 2020
18
19
20
21
22
23
24
25
```