# Exhibit 5

## Proctor, Melanie@DFEH

| | |
|---|---|
| **From:** | Proctor, Melanie@DFEH |
| **Sent:** | Tuesday, February 25, 2020 10:23 AM |
| **To:** | Monks, David; Jevsevar, Chris; Kanter, Daniel |
| **Cc:** | Ann Marie Arcadi; Seema Tendolkar; Huang, Andrew@DFEH |
| **Subject:** | DFEH v SVGS - draft joint motion and consent decree |
| **Attachments:** | 2020.02.25 DFEH SVGS Consent Decree.docx; 2020.02.25 Joint Motion for Entry of Consent Decree.docx |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

David,

I am attaching the joint motion for entry of the consent decree and the consent decree. Please let us know if you have any questions.

Best,
Melanie

_____
Melanie L. Proctor
Associate Chief Counsel
Department of Fair Employment and Housing
Telephone: (916) 478-7251
Fax: (888) 382-5293

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

JANETTE WIPPER (#275264)
 Chief Counsel
 Janette.Wipper@dfeh.ca.gov
MELANIE L. PROCTOR (#228971)
 Associate Chief Counsel
 Melanie.Proctor@dfeh.ca.gov
ANDREW S. HUANG (#193730)
 Associate Chief Counsel
 Andrew.Huang@dfeh.ca.gov
MARTHA L. GOMEZ (#274024)
 Senior Staff Counsel
 Martha.Gomez@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
2218 Kausen Drive #100
Elk Grove, CA 95758
Telephone:  (916) 478-7251
Facsimile:   (888) 382-5293

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>SILICON VALLEY GROWTH SYNDICATE I, L.L.C.; et al.,<br><br>Defendants. | Case No. 3:19-cv-04204- RS<br><br>JOINT MOTION FOR ENTRY OF CONSENT DECREE AND PERMANENT INUNCTION |
| JANE DOE,<br><br>Plaintiff-Intervenor. | |

-1-

Plaintiff Department of Fair Employment and Housing, Plaintiff-Intervenor Jane Doe, and Defendants Silicon Valley Growth Syndicate I, LLP, Silicon Valley Growth Syndicate Fund I, L.P., International Direct Marketing Consultants, Inc., Lee William McNutt, William W. Bunker, and Russell Lewis, (collectively "the Parties"), have resolved all issues in this litigation by Consent Decree, attached as Exhibit A, and memorialized by signatures at pages 10-11. The Parties respectfully request consideration and approval of the attached Consent Decree, entry of the Proposed Order and Permanent Injunction (included at the end of the Consent Decree at page 12), and upon entry, dismissal of this case with prejudice. A proposed Order is attached.

Respectfully submitted,

February __, 2020

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

By: _____
Melanie L. Proctor[1]
Associate Chief Counsel
*Attorneys for Plaintiff*

February __, 2020

ARCADI JACKSON, LLP
ANN MARIE ARCADI (pro hac vice)
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: (214) 865-6458
Annmarie.arcadi@arcadijackson.com

SETH ROSENBERG (#215235)
EMERGENT LLP
5 Third Street, Suite 1000
San Francisco, California 94103
Telephone: (415) 894-9284
Facsimile: (415) 276-8929
seth@emergent.law

By: _____
Ann Marie Arcadi
*Attorneys for Intervenor/Real Party in Interest*

---

[1] I, Melanie L. Proctor, hereby attest that I gained the concurrence of all signatories whose signatures are represented by /s/ in the filing of this document.

-2-

DFEH v. Silicon Valley Growth Syndicate I, LLC, et al. – 19-cv-4204-RS
JOINT MOTION FOR ENTRY OF CONSENT DECREE AND PERMANENT INJUNCTION

| | |
|---|---|
| February __, 2020 | FISHER & PHILLIPS LLP<br>DAVID MONKS<br>David B. Monks (SBN 164232)<br>E-Mail: dmonks@fisherphillips.com<br>Daniel J. Kanter (SBN 271619)<br>E-Mail: dkanter@fisherphillips.com<br>Christopher M. Jevsevar (SBN 311106)<br>E-Mail: cjevsevar@fisherphillips.com<br>4747 Executive Drive, Suite 1000<br>San Diego, California 92121<br>Telephone: (858) 597-9600<br>Facsimile: (858) 597-9601<br><br>By: _____<br>David B. Monks<br>*Attorneys for Defendants* |

-3-

# [PROPOSED] ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE, INCLUDING PERMANENT INJUNCTION

The Court has before it the Joint Motion for Entry of Consent Decree, Including Permanent Injunction. Upon consideration of the terms of the Consent Decree, and in light of the agreement of the parties, it is this ___ day of _____ 2020 hereby ORDERED that:

The Joint Motion for Entry of Consent Decree is GRANTED;

The clerk shall enter the Order and Permanent Injunction as a separate docket entry;

The clerk shall enter the signed Consent Decree as a separate docket entry;

The court shall retain jurisdiction over the Consent Decree; and

Accordingly, this case shall be dismissed with prejudice.

_____
RICHARD SEEBORG
United States District Judge

-4-

DFEH v. Silicon Valley Growth Syndicate I, LLC, et al. – 19-cv-4204-RS
JOINT MOTION FOR ENTRY OF CONSENT DECREE AND PERMANENT INJUNCTION

JANETTE WIPPER (#275264)
  Chief Counsel
  Janette.Wipper@dfeh.ca.gov
MELANIE L. PROCTOR (#228971)
  Associate Chief Counsel
  Melanie.Proctor@dfeh.ca.gov
ANDREW S. HUANG (#193730)
  Associate Chief Counsel
  Andrew.Huang@dfeh.ca.gov
MARTHA L. GOMEZ (#274024)
  Senior Staff Counsel
  Martha.Gomez@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING
2218 Kausen Drive #100
Elk Grove, CA 95758
Telephone:  (916) 478-7251
Facsimile:   (888) 382-5293

Attorneys for Plaintiff
Department of Fair Employment and Housing
(Fee Exempt, Gov. Code, § 6103)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>SILICON VALLEY GROWTH SYNDICATE I, L.L.C., et al.,<br><br>Defendants.<br><br>JANE DOE,<br><br>Real Party in Interest. | Case No.  19-cv-04204-RS<br><br>**CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE, MONETARY AND OTHER RELIEF** |

-1-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
CONSENT DECREE AND [PROPOSED] ORDER

# INTRODUCTION

This matter is before the Court for entry of a Consent Decree ("Decree") agreed upon by the Parties – Plaintiff, the Department of Fair Employment and Housing ("the DFEH" or "the Department"); Plaintiff-Intervenor Jane Doe ("Doe"); and Defendants, Silicon Valley Growth Syndicate I, LLP, Silicon Valley Growth Syndicate Fund I, L.P., International Direct Marketing Consultants, Inc., Lee William McNutt, William W. Bunker, and Russell Lewis, (together, "Defendants" and collectively with DFEH and Doe, "the Parties"). Specifically, the Department and Doe allege that Defendant Lee William McNutt ("McNutt") subjected Doe to sexual harassment that was visual, verbal, and physical. In addition to the personal violations she suffered, she learned about a continually updated stream of photographs and videos that McNutt took of her and other women, which appeared to be taken without permission. McNutt's co-defendants aided his known and continued misconduct.

The Parties agree to the jurisdiction of this Court over the Parties and the subject matter of this action and agree to the power of this Court to enter a Consent Decree enforceable against Defendants. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns. The Parties agree that it is in the Parties' best interests, and in the public interest of California, to fully and finally resolve this matter on mutually agreeable terms without trial of any issues of fact or law raised in the Department's complaint and Doe's complaint, and without resort to protracted litigation. This Decree does not constitute an adjudication on the merits of the Department's allegations or Doe's allegations and shall not be construed an admission by Defendants of any discriminatory conduct. The Parties hereby agree to the Court's entry of this Decree, including the Order and Injunction, resolving the Department's complaints and Doe's complaints and all related charges and actions against Defendants.

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

# PARTIES

1. Plaintiff DFEH is the state civil rights department charged with prosecutorial authority to investigate, mediate, and litigate civil rights enforcement actions. (Gov. Code, § 12930 et seq.) The DFEH enforces the Fair Employment and Housing Act ("FEHA") Government Code section 12900 et seq. and Civil Code section 51.9, and may file civil complaints on behalf of itself and persons aggrieved by sexual harassment and sex discrimination, among other claims, in state and federal courts.

2. At all times relevant to this complaint, Jane Doe ("Doe") was an "employee" within the meaning of the applicable statutes. (Gov. Code, §§ 12926 and 12940).

3. Defendant Silicon Valley Growth Syndicate I, L.L.C. ("the Syndicate LLC") is an "employer" subject to subdivision (j) of Government Code section 12940, and a "person" subject to Civil Code section 51.9. Although the Syndicate LLC was headquartered in San Mateo County when the Department initiated its investigation, by the conclusion, it was headquartered in San Francisco County.

4. Defendant Silicon Valley Growth Syndicate Fund I, L.P. ("the Syndicate Fund") is an "employer" subject to subdivision (j) of Government Code section 12940, and a "person" subject to Civil Code section 51.9. Although the Syndicate Fund was headquartered in San Mateo County when the Department initiated its investigation, by the conclusion it was headquartered in San Francisco County.

5. Together, the Syndicate LLC and the Syndicate Fund are referred to herein as "the Syndicate." The Syndicate was Doe's joint employer.

6. Defendant International Direct Mail Consultants, Inc., d.b.a. International Direct Marketing Consultants, Inc. ("IDMC") was Doe's joint employer. IDMC is an "employer" subject to subdivision (j) of Government Code section 12940 and a "person" subject to Civil Code section 51.9. Defendant IDMC is based in Dallas, Texas.

7. Defendant Lee William McNutt ("McNutt") is a co-founder of Silicon Valley Growth Syndicate and the owner of IDMC. Defendant McNutt is a resident of Dallas, Texas.

8. Defendant William Bunker ("Bunker") is a co-founder of the Syndicate. Public records indicate that Bunker has lived in various locations in the United States, including Dallas, Texas. Public records suggest that Bunker resided in California from approximately 2005 until late 2018 or early 2019. At the time of the events alleged herein, Bunker principally resided in California.

9. Defendant Russell Lewis is a co-founder of the Syndicate. He was the Director of the Board for Carbite Golf, a company based in Carlsbad, California; and for Tungsten Heavy Powder, a company based in San Diego, California. Lewis is the founder and chairman of Rhino Linings Corporation, a company based in San Diego, California. In addition, Lewis is a member of the Entrepreneurial Management Center at San Diego State University. At the time of the events in question, Lewis resided in Rancho Santa Fe, California.

## JURISDICTION

10. The Parties stipulate to the jurisdiction of the Court over the Parties and the subject matter of this action.

11. The "Effective Date" of this Decree is the date it is entered by this Court. The duration of this Decree shall be five (5) years from the Effective Date.

## ISSUES RESOLVED

12. This Decree constitutes a complete resolution of all claims that were or could have been alleged in the above-captioned lawsuit, Doe's complaint in intervention in this action, and Doe's complaint filed in Texas, captioned *Doe v. McNutt*, Cause No. DC-19-11473 (Dallas County) ("Texas Lawsuit"). Doe will dismiss the Texas Lawsuit within ten (10) business days of the latter of (i) receiving the payment set forth in paragraph 29 herein and (ii) the entry of this Decree. In the instant action, judgment is hereby entered in favor of the DFEH and Doe and against Defendants according to the terns of this Decree:

## PERMANENT INJUNCTIONS

13. Defendants will cease and desist from discriminating against employees, interns, or entrepreneurs because of sex.

14. Defendant McNutt shall not videotape or photograph girls and/or women who are unrelated to him.

15. Defendant McNutt shall permanently destroy all versions (electronic or printed) photographs and videos of girls and/or women who are not family members that are in his possession, custody, or control, including but not limited to all photographs and videos of Doe.

16. Defendant McNutt, either individually or through an agent (including but not limited to an attorney or private investigator) shall permanently cease contact with Doe, and all of her family members. This obligation of Defendant McNutt's extends to any form of contact by McNutt either individually or through an agent (including but not limited to an attorney or private investigator) in any forum, whether anonymously, through self-identification, or other means, including live contact, phone, over the internet, industry sources or channels, advocacy organizations, text messages, email, social media, blogs, television, radio, print media, or any other medium. Doe will cease contact with all members of the McNutt family, including spouse, children, and grandchildren.

17. Defendant McNutt shall permanently not knowingly come within 100 yards of Doe and all of her family members.

18. Defendant McNutt shall permanently refrain from, directly or indirectly, making or causing to be made any written or oral negative, disparaging, or derogatory comments regarding Doe. This obligation of Defendant McNutt's extends to any form of communication by McNutt either individually or through an agent in any forum, whether anonymously, through self-identification, or other means, including over the internet, industry sources or channels, advocacy organizations, text messages, email, social media, blogs, television, radio, print media, or any other medium. Should any of the Defendants be contacted to provide an employment reference for Doe, they shall only provide Doe's former position, title, and dates of employment. Doe shall not disparage Defendant McNutt; however, this provision does not prevent Doe from complying with a subpoena or government request for information or from testifying truthfully.

19. Defendant McNutt either individually or through an agent (including but not limited to an attorney or private investigator) shall permanently cease contact with any individual named or indicated in the disclosures, document production, or discovery responses provided or produced in this lawsuit (whether provided by a party or non-party) who has alleged that Defendant McNutt harassed or engaged in inappropriate conduct with or towards them. Defendant McNutt either individually or through an agent shall permanently not disparage any witnesses named or indicated in the disclosures, document production, or discovery responses provided or produced in this lawsuit (whether by a party or non-party) who allege McNutt harassed them. This obligation of Defendant McNutt's extends to any form of

communication by McNutt (or any agent of his) in any forum, whether anonymously, through self-identification, or other means, including over the internet, industry sources or channels, advocacy organizations, text messages, email, social media, blogs, television, radio, print media, or any other medium

20. Defendant McNutt shall permanently not hire or employ for any position (including but not limited to babysitting, housesitting, pet sitting, modeling, internships, part-time employment or full-time employment, whether individually, at his residence, or through an entity that he owns or controls) any undergraduate or graduate student at Southern Methodist University. This provision shall apply to any member of McNutt's household (i.e., McNutt shall not escape this clause by attributing hiring decisions to his spouse).

21. Defendants shall permanently include in all their investment contracts (other than publicly traded companies) a nondiscrimination clause prohibiting all parties from discrimination or harassment on the bases enumerated in Government Code section 12940 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. Defendants' efforts to comply with the Decree in this regard will include the following:

    a. When considering prospective investments, including in companies and funds, Defendants will take commercially reasonable efforts to conduct due diligence regarding past incidents of sexual harassment involving founders or general partners, respectively.

    b. Defendants will refrain from investing in a company or fund where any founder or general partner, respectively, was expressly terminated from a previous position for a confirmed incident of sexual harassment.

    c. Post-Investment Procedures: Defendants will encourage portfolio companies and funds to adopt and enforce sexual harassment policies and will provide guidance and assistance, as appropriate, in such adoption and enforcement.

### INJUNCTIVE RELIEF

22. For a period of five (5) years after the Effective Date, if McNutt travels to Richmond, Virginia, he will, via his counsel, inform Doe's counsel of the dates of his travel to Richmond, and the location where he will be staying in Richmond.

-6-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
CONSENT DECREE AND [PROPOSED] ORDER

23. For a period of five (5) years after the Effective Date, if any of the Defendants have a controlling ownership interest in another entity, that entity must have effective anti-harassment, anti-discrimination, and anti-retaliation policies in place. Defendants must provide a copy of these policies to the DFEH for review and approval.

24. For a period of five (5) years after the Effective Date, Defendants must advise all employees, interns, volunteers, or any other person doing work for them of their rights to complain of any harassment or discrimination under any applicable state or federal law.

25. Within thirty (30) days of the Effective Date, Defendant Silicon Valley Growth Syndicate shall be required, at its own expense, to ensure that all non-supervisory employees, interns, or volunteers receive a minimum of 60 minutes of annual in-person training on the prevention of discrimination, retaliation and sexual harassment in the workplace; and all general partners and supervisory employees receive a minimum of two (2) hours of in-person or webinar training on the prevention of discrimination, retaliation and sexual harassment in the workplace, to take place every two years. Defendant Silicon Valley Growth Syndicate's obligation under this section shall remain in effect for five (5) years after the Effective Date.

26. For a period of three (3) years after the Effective Date, Defendant Silicon Valley Growth Syndicate shall incorporate into all investor meetings training on the prevention of discrimination, retaliation and sexual harassment in the workplace, to be provided by a trainer approved by the DFEH.

27. For a period of five (5) years after the Effective Date, Defendants shall report all complaints of discrimination or harassment to the DFEH within 10 days of receiving any such complaint. Upon request, Defendants shall provide DFEH with the results and all related documents, files (including personnel files of all involved personnel), and materials to any investigations conducted in response to the complaints.

**MONETARY RELIEF**

28. In addition to the injunctive relief described above, Defendants will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, including those described in the Introduction to this Decree:

29. <u>Monetary Relief</u>: On or before March 19, 2020, Defendants shall pay (i) Doe and/or her counsel $1,440,000 following payment instructions to be provided by Doe's counsel and (ii) the DFEH $360,000 for attorney fees and costs, delivered to the Department of Fair Employment and Housing, Legal Division, 2218 Kausen Drive, Suite 100, Elk Grove, California, 95758, in the care of Melanie L. Proctor, Associate Chief Counsel.

## **FINAL APPROVAL**

30. The Parties and their counsel will support each and every provision of this Decree before the Northern District of California as necessary to ensure entry of final judgment on this Decree.

31. The Decree shall become "Final" and "Effective" when the judgment is filed and entered by the United States District Court for the Northern District of California, approving without modification all of the terms of this Decree.

## **RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE**

32. This Court shall retain jurisdiction of this matter for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

33. In the event that any Party believes that any other Party has failed to comply with any provision of the Decree, the complaining Party shall notify the alleged non-complying Party in writing of such non-compliance and afford the alleged non-complying Party fourteen (14) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party has complied. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within fourteen (14) days, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. Should the Court determine that any Party has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

34. Consistent with Gov. Code section 12965, subdivision (b), the DFEH shall be entitled to reasonable attorneys' fees and costs for work performed on any prevailing motion to enforce this Decree.

-8-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
CONSENT DECREE AND [PROPOSED] ORDER

Doe's counsel shall also be entitled to reasonable attorneys' fees and costs for work performed on any prevailing motion to enforce this Decree.

35.     Absent extension, this Decree shall expire by its own terms at the end of five (5) years from the Effective Date without further action by the Parties ("Expiration Date").

## MISCELLANEOUS

36.     Nothing in this Decree, nor any statements, discussions, or communications, nor any materials prepared, exchanged, issued or used during the negotiations leading to this Decree (other than documents produced by the Parties or non-parties in discovery and not specifically for the negotiations), shall be admissible in any proceeding of whatever kind or nature as evidence of discrimination, or as evidence of any violation of the Title VII of the Civil Rights Act, FEHA, the common law of any jurisdiction, or any federal, state, or local law.  Notwithstanding the foregoing, the Decree may be used by either Party in any proceeding in this Court to enforce or implement the Decree or any orders or judgments of this Court entered in conjunction with the Decree.

37.     <u>Releases</u>. Doe hereby releases, acquits, and forever discharges Defendants and their attorneys, from any and all claims, demands, and causes of action, if any, under California Civil Code section 51.9, and/or the California Fair Employment and Housing Act, as each law is in effect on the Effective Date of the Decree, that are known or reasonably could have been known (whether asserted or unasserted) from January 1, 2015 until the Effective Date, specifically including, but not limited to, all causes of action that were or could have been asserted in any of the complaints filed by Doe. If applicable, Doe waives any rights she has, or after signing this Decree becomes aware that she may have had, under California Civil Code section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

> The consideration recited herein is accepted by Doe in full satisfaction of all claimed and unclaimed damages and losses arising out of or related to any of the complaints filed by Doe.

38.     Doe and Defendants shall bear their own costs and fees.

39. <u>Binding</u>. This Decree shall be binding on the Department, Jane Doe, and Silicon Valley Growth Syndicate I, LLP, Silicon Valley Growth Syndicate Fund I, L.P., International Direct Marketing Consultants, Inc., Lee William McNutt, William W. Bunker, and Russell Lewis, including all principals, agents, executors, administrators, representatives, employees, successors in interest, beneficiaries, assigns, and legal representatives thereof.

40. <u>Non-Waiver</u>. Failure by any Party to seek enforcement of this Decree pursuant to its terms with respect to any instance or provision will not be construed as a waiver of such enforcement regarding other instances or provisions.

41. <u>Severability</u>. If any provision of this Decree is determined by any Court to be unenforceable, the other provisions of this Decree shall nonetheless remain in full force and effect, provided, however, that if the severance of any such provision materially alters the rights or obligations of the Parties, the Parties shall engage in good faith negotiations in order to adopt mutually agreeable amendments to this Decree as may be necessary to restore the Parties as closely as possible to the initially agreed upon relative rights and obligations.

42. <u>Litigation Holds</u>. The Parties agree that, as of the Effective Date, for purposes of the Parties' preservation obligations pursuant to Federal Rule of Civil Procedure 26 and/or common law, litigation is not "reasonably foreseeable" concerning the claims raised in any of the Plaintiff's or Plaintiff-Intervenor's complaints. To the extent that any Party previously implemented a litigation hold to preserve documents and/or electronically stored information related to the claims asserted in any of the Plaintiff's or Plaintiff-Intervenor's complaints, the Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves the Parties of their obligations to maintain documents, information, and/or data as imposed by this Decree.

43. <u>Authority</u>. The signatories represent that they have the authority to bind the respective Parties identified below to the terms of this Decree.

February __, 2020          FOR THE CALIFORNIA DEPARTMENT OF
                           FAIR EMPLOYMENT & HOUSING

                           By: _____
                           Melanie L. Proctor

-10-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
CONSENT DECREE AND [PROPOSED] ORDER

*Attorneys for Plaintiff*

FOR JANE DOE:

Dated:

_____
JANE DOE

APPROVED AS TO FORM:
February __, 2020

ARCADI JACKSON, LLP
ANN MARIE ARCADI (pro hac vice)
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: (214) 865-6458
Annmarie.arcadi@arcadijackson.com

SETH ROSENBERG (#215235)
EMERGENT LLP
5 Third Street, Suite 1000
San Francisco, California 94103
Telephone: (415) 894-9284
Facsimile: (415) 276-8929
seth@emergent.law

By: _____
Ann Marie Arcadi
*Attorneys for Intervenor/Real Party in Interest*

FOR DEFENDANTS:

Dated:

_____
LEE WILLIAM MCNUTT, III
(For himself and for International Direct Marketing Consultants, Inc.)

_____
WILLIAM W. BUNKER
(For himself and for Silicon Valley Growth Syndicate I, LLP and for Silicon Valley Growth Syndicate Fund I, LP)

_____
RUSSELL LEWIS
(For himself and for Silicon Valley Growth Syndicate I, LLP and for Silicon Valley Growth Syndicate Fund I, LP)

APPROVED AS TO FORM:
February __, 2020

FISHER & PHILLIPS LLP
DAVID MONKS
David B. Monks (SBN 164232)
E-Mail: dmonks@fisherphillips.com
Daniel J. Kanter (SBN 271619)
E-Mail: dkanter@fisherphillips.com
Christopher M. Jevsevar (SBN 311106)
E-Mail: cjevsevar@fisherphillips.com
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

By: _____
David B. Monks
*Attorneys for Defendants*

-13-

**ORDER AND PERMANENT INJUNCTION**

IT IS SO ORDERED, and Defendants are permanently enjoined as indicated in Paragraphs 13-21 of the Consent Decree. The Consent Decree shall expire 60 months from the Effective Date. The Court shall retain jurisdiction to enforce the provisions of the Consent Decree.

Dated: _____

_____
RICHARD SEEBORG
United States District Judge

.

-13-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
CONSENT DECREE AND [PROPOSED] ORDER