1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>SILICON VALLEY GROWTH SYNDICATE I, L.L.C., et al.,<br><br>Defendants.<br><br>JANE DOE,<br><br>Plaintiff-Intervenor. | Case No.  19-cv-04204-RS<br><br><br>**JOINT CONSENT DECREE AND ORDER FOR INJUNCTIVE, MONETARY, AND OTHER RELIEF[1]** |

**INTRODUCTION**

This matter is before the Court for entry of a Consent Decree ("Decree") agreed upon by the

parties, Plaintiff Department of Fair Employment and Housing ("DFEH" or the "Department"); Plaintiff-

Intervenor Jane Doe ("Doe"); and Defendants Silicon Valley Growth Syndicate I, L.L.C., Silicon Valley

---

[1] Pursuant to Civil Local Rule 3-4, a complete list of the parties represented can be found on the signature pages.

-1-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
JOINT CONSENT DECREE AND [PROPOSED] ORDER

1  Growth Syndicate Fund I, L.P. (together "SVGS"), International Direct Mail Consultants, Inc. ("IDMC"),

2  and Lee William McNutt ("McNutt"). (SVGS, IDMC, and McNutt, are each referred to as "Defendant"

3  and are collectively referred to as the "Defendants"; Defendants, DFEH, and Doe are collectively referred

4  to as the "Parties.")

5      The allegations of DFEH and Doe against Defendants are set forth in the First Amended

6  Complaint (Dkt. 19) and the Complaint of Intervenor (Dkt. 63) (together, the "Complaints"). Defendants

7  deny the allegations, as set forth in their Answers (Dkt. 57, 69).

8      The Parties agree to this Court's jurisdiction over the Parties and the subject matter of this action

9  and agree to this Court's power to enter a Consent Decree enforceable against Defendants. As to the

10  issues resolved, this Decree is final and binding upon the Parties and their successors and assigns. The

11  Parties further agree that it is in the Parties' best interests, and in the public interest of California, to fully

12  and finally resolve this matter on mutually agreeable terms without trial of any issues of fact or law raised

13  in the Complaints and without resort to protracted litigation. This Decree does not constitute an

14  adjudication on the merits of the Department's allegations or Doe's allegations and shall not be construed

15  as an admission by Defendants of any discriminatory conduct or any other wrongful conduct. The Parties

16  hereby agree to the Court's entry of this Decree, including the Order and Injunction, resolving the

17  Department's complaints and Doe's complaints and all related charges and actions against Defendants.

18  **IT IS ORDERED,  ADJUDGED, AND DECREED AS FOLLOWS:**

19

20

21

22

23

24

25

26

27

28

**PARTIES**

1. Plaintiff DFEH is the state civil rights department charged with prosecutorial authority to investigate, mediate, and litigate civil rights enforcement actions. (Gov. Code, § 12930 et seq.) The DFEH enforces the Fair Employment and Housing Act ("FEHA"), Government Code section 12900 et seq., and Civil Code section 51.9, and may file civil complaints on behalf of itself and persons aggrieved by sexual harassment and sex discrimination, among other claims, in state and federal courts.

2. The DFEH and Jane Doe ("Doe") allege that, at all times relevant to the Complaints, Doe was an "employee" within the meaning of the applicable statutes. (Gov. Code, §§ 12926 and 12940).

3. Defendant Silicon Valley Growth Syndicate I, L.L.C. ("the Syndicate LLC") is an "employer" subject to subdivision (j) of Government Code section 12940 and a "person" subject to Civil Code section 51.9. Although the Syndicate LLC was headquartered in San Mateo County when the Department initiated its investigation, by the conclusion, it was headquartered in San Francisco County.

4. Defendant Silicon Valley Growth Syndicate Fund I, L.P. ("the Syndicate Fund") is an "employer" subject to subdivision (j) of Government Code section 12940 and a "person" subject to Civil Code section 51.9. Although the Syndicate Fund was headquartered in San Mateo County when the Department initiated its investigation, by the conclusion it was headquartered in San Francisco County.

5. Together, the Syndicate LLC and the Syndicate Fund are referred to herein as "the Syndicate." The Syndicate was Doe's joint employer.

6. Defendant International Direct Mail Consultants, Inc. d.b.a. International Direct Marketing Consultants, Inc. ("IDMC"), was Doe's joint employer. The DFEH and Doe allege that IDMC is an "employer" subject to subdivision (j) of Government Code section 12940 and a "person" subject to Civil Code section 51.9. Defendant IDMC is based in Dallas, Texas.

7. Defendant Lee William McNutt ("McNutt") is a co-founder of Silicon Valley Growth Syndicate and the owner of IDMC. Defendant McNutt is a resident of Dallas, Texas.

**JURISDICTION**

8. The Parties stipulate to the Court's jurisdiction over the Parties and the subject matter of this action.

///

**EFFECTIVE DATE**

9.      The "Effective Date" of this Decree is the date it is entered by this Court. The duration of this Decree shall be five (5) years from the Effective Date.

**ISSUES RESOLVED**

10.     This Decree constitutes a complete resolution of all claims that were or could have been alleged in the above-captioned lawsuit, Doe's complaint-in-intervention in this action, and Doe's complaint filed in Texas, captioned *Doe v. McNutt*, Cause No. DC-19-11473 (Dallas County) ("Texas Lawsuit"). Doe will dismiss the Texas Lawsuit, with prejudice, within ten (10) business days of the latter of (i) receiving the payment set forth in Paragraphs 30 and 31 herein and (ii) the entry of this Decree by the Court. In the instant action, judgment is hereby entered in favor of the DFEH and Doe and against Defendants according to the terms of this Decree:

**PERMANENT INJUNCTIONS**

11.     Defendants will cease and desist from discriminating against employees, interns, or entrepreneurs because of sex.

12.     Defendant McNutt shall not videotape or photograph girls and/or women who are unrelated to him.

13.     Defendant McNutt shall permanently destroy all versions (electronic or printed) of photographs and videos of girls and/or women who are not family members that are in his possession, custody, or control, including but not limited to all photographs and videos of Doe.

14.     Doe shall permanently destroy all versions (electronic or printed) of photographs and videos of Defendants in her possession, custody, and control, if any, and photographs and videos, if any, provided to her by the iPad described in Paragraph 28 of the Complaint in Intervention.

15.     Defendant McNutt, either individually or through an agent (including but not limited to an attorney or private investigator) shall permanently cease contact with Doe and all of her family members. This obligation of McNutt's extends to any form of contact by McNutt (either individually or through an agent, including but not limited to an attorney or private investigator) in any forum, whether anonymously, through self-identification, or other means, including live contact, phone, over the internet,

-4-

1 │ industry sources or channels, advocacy organizations, text messages, email, social media, blogs,

2 │ television, radio, print media, or any other medium.

3 │      16.    Doe will cease contact with all members of the McNutt family, including spouse, children,

4 │ and grandchildren.

5 │      17.    Defendant McNutt shall permanently not knowingly come within 100 yards of Doe and

6 │ all of her family members.

7 │      18.    Defendant McNutt shall permanently refrain from, directly or indirectly, making or

8 │ causing to be made any written or oral negative, disparaging, or derogatory comments regarding Doe.

9 │ This obligation of Defendant McNutt's extends to any form of communication by McNutt (either

10 │ individually or through an agent) in any forum, whether anonymously, through self-identification, or

11 │ other means, including over the internet, industry sources or channels, advocacy organizations, text

12 │ messages, email, social media, blogs, television, radio, print media, or any other medium. Should any of

13 │ the Defendants be contacted to provide an employment reference for Doe, they shall only provide Doe's

14 │ former position, title, and dates of employment with IDMC and SVGS.

15 │      19.    Doe shall not disparage McNutt. This obligation of Doe's extends to any form of

16 │ communication by her (either individually or through an agent) in any forum, whether anonymously,

17 │ through self-identification, or other means, including over the internet, industry sources or channels,

18 │ advocacy organizations, text messages, email, social media, blogs, television, radio, print media, or any

19 │ other medium. However, this provision does not prevent Doe from complying with a subpoena or

20 │ government request for information or from testifying truthfully.

21 │      20.    Defendant McNutt (either individually or through an agent, including but not limited to

22 │ an attorney or private investigator) shall permanently cease contact with any individual named or

23 │ indicated in the disclosures, document production, or discovery responses provided or produced in this

24 │ lawsuit (whether provided by a party or non-party) who has alleged that Defendant McNutt harassed or

25 │ engaged in inappropriate conduct with or towards them. Defendant McNutt (either individually or

26 │ through an agent, including but not limited to an attorney or private investigator) shall permanently not

27 │ disparage any witnesses named or indicated in the disclosures, document production, or discovery

28 │ responses provided or produced in this lawsuit (whether by a party or non-party) who allege McNutt

-5-

1  harassed them or engaged in inappropriate conduct with or towards them. This obligation of Defendant

2  McNutt's extends to any form of communication by McNutt (or any agent of his) in any forum, whether

3  anonymously, through self-identification, or other means, including over the internet, industry sources or

4  channels, advocacy organizations, text messages, email, social media, blogs, television, radio, print

5  media, or any other medium

6       21.    Defendant McNutt shall permanently not hire or employ for any position (including but

7  not limited to babysitting, housesitting, pet sitting, modeling, internships, part-time employment or full-

8  time employment), whether individually, at his residence, or through an entity that he owns or controls,

9  any undergraduate or graduate student at Southern Methodist University. This provision shall apply to

10  any member of McNutt's household (i.e., McNutt shall not avoid this obligation by attributing hiring

11  decisions to his spouse).

12       22.    Defendants shall permanently include in all their investment contracts (other than publicly

13  traded companies) a nondiscrimination clause prohibiting all parties from discrimination or harassment

14  on the bases enumerated in Government Code section 12940 and Title VII of the Civil Rights Act,

15  42 U.S.C. § 2000e, *et seq*. Defendants' efforts to comply with the Decree in this regard will include the

16  following:

17

18

19

20

21

22

23

24

25

26

27

28

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
JOINT CONSENT DECREE AND [PROPOSED] ORDER

a.      When considering prospective investments, including in companies and funds, Defendants will make commercially reasonable efforts to conduct due diligence regarding past incidents of sexual harassment involving founders or general partners, respectively.

b.      Defendants will refrain from investing in a company or fund where any founder or general partner, respectively, was expressly terminated from a previous position for a confirmed incident of sexual harassment.

c.      Post-Investment Procedures: Defendants will encourage portfolio companies and funds to adopt and enforce sexual harassment policies and will provide guidance and assistance, as appropriate, in such adoption and enforcement.

## **INJUNCTIVE RELIEF**

23.     For a period of five (5) years after the Effective Date, if McNutt travels to Richmond, Virginia, he will, via his counsel, inform Doe's counsel of the dates of his travel to Richmond and the location(s) where he will be staying in Richmond.

24.     For a period of five (5) years after the Effective Date, if any of the Defendants has a controlling ownership interest in another entity, that entity must have effective anti-harassment, anti-discrimination, and anti-retaliation policies in place. The Defendant with controlling ownership interest must provide a copy of these policies to the DFEH for review and approval.

25.     For a period of five (5) years after the Effective Date, Defendants must advise all employees, interns, and volunteers of their rights to complain of any harassment or discrimination under any applicable state or federal law.

26.     Within thirty (30) days of the Effective Date, Defendant SVGS shall be required, at its own expense, to ensure that all non-supervisory employees, interns, or volunteers receive a minimum of 60 minutes of annual in-person training on the prevention of discrimination, retaliation and sexual harassment in the workplace; and all supervisory employees receive a minimum of two (2) hours of in-person or webinar training on the prevention of discrimination, retaliation and sexual harassment in the

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
JOINT CONSENT DECREE AND [PROPOSED] ORDER

1 | workplace, to take place every two years. Defendant SVGS's obligation under this section shall remain

2 | in effect for five (5) years after the Effective Date.

3 | 27. For a period of three (3) years after the Effective Date, Defendants McNutt and IDMC

4 | shall incorporate into all investor meetings training on the prevention of discrimination, retaliation and

5 | sexual harassment in the workplace. The trainer shall be approved by the DFEH.

6 | 28. For a period of five years after the Effective Date, Defendants shall report all complaints

7 | of discrimination or harassment by employee(s) primarily engaged in California to the DFEH within 10

8 | days of receiving any such complaint. The DFEH shall have the option to request documents and

9 | materials related to any investigations a reporting Defendant has conducted in response to the complaints.

10 | Defendants reserve the right to object to such request(s) on any and all grounds, including, but not limited

11 | to, attorney-client privilege and attorney work product. In the event a responding Defendant raises

12 | objections to such a request based on privilege, the DFEH shall have the option to request that the

13 | responding Defendant provide a privilege log as defined by California Code of Civil Procedure section

14 | 2031.240. In the event the DFEH requests a privilege log, the responding Defendant shall provide it to

15 | the DFEH within 30 days of the date the Defendant receives the request for a privilege log.

16 | **MONETARY RELIEF**

17 | 29. In addition to the injunctive relief described above, Defendants will provide the following

18 | additional consideration in resolution of all claims that were or could have been made in this or any

19 | related action, including those described in the Introduction to this Decree:

20 | 30. <u>Monetary Relief:</u> On or before May 5, 2020, Defendants shall pay $1,440,000.00 to Doe's

21 | lawyers in full settlement of her claim for compensatory damages and of Doe's and/or her counsel's claim

22 | for attorneys' fees and costs. The payment shall be made in accordance with payment instructions already

23 | provided by Doe's counsel.

24 | 31. <u>Attorneys' Fees and Costs to the Department</u>: On or before May 5, 2020, Defendants shall

25 | pay $360,000.00 to the DFEH in full settlement of the DFEH's claim for attorneys' fees and costs for

26 | work on or relating to the litigation. The payment shall be made in accordance with payment instructions

27 | already provided by the Department.

28 |

-8-

**1**

**FINAL APPROVAL**

**2**    32.    The Parties and their counsel will support each and every provision of this Decree before

**3** the United States District Court for the Northern District of California as necessary to ensure entry of

**4** final judgment on this Decree.

**5**    33.    The Decree shall become "Final" and "Effective" when the judgment is filed and entered

**6** by the United States District Court for the Northern District of California, approving without modification

**7** all of the terms of this Decree.

**8**

**RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE**

**9**    34.    This Court shall retain jurisdiction of this matter for purposes of compliance with this

**10** Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate

**11** equal employment opportunities for employees.

**12**    35.    In the event that any Party believes that any other Party has failed to comply with any

**13** provision of the Decree, the complaining Party shall notify the alleged non-complying Party in writing

**14** of such non-compliance and afford the alleged non-complying Party up to 30 days to remedy the non-

**15** compliance or satisfy the complaining Party that the alleged non-complying Party has complied. If, within

**16** 30 days, the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the

**17** complaining Party that it has complied, the Parties shall meet and confer regarding the non-compliance.

**18** That meet-and-confer process can be by email and/or telephone; it is not required to be in person.  If the

**19** Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate

**20** relief. Should the Court determine that any Party has not complied with this Decree, appropriate relief,

**21** including extension of this Decree for such period as may be necessary to remedy its non-compliance,

**22** may be ordered.

**23**    36.    Absent extension, this Decree shall expire by its own terms at the end of five (5) years

**24** from the Effective Date without further action by the Parties ("Expiration Date").

**25**

**MISCELLANEOUS**

**26**    37.    <u>Notice:</u> Any written notice to a Party required or permitted under this Decree shall be

**27**  deemed to have been effectively given on the date of service, if served personally on, sent by overnight

**28**

-9-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al.* (Doe) - 19-cv-04204-RS
JOINT CONSENT DECREE AND [PROPOSED] ORDER

1    delivery to, emailed to the Party to whom notice is to be given (or on that Party's legal representative) as

2    noted in this section.

3

4            FOR NOTICE TO:              SEND TO:

5        DFEH                        Melanie Proctor (melanie.proctor@dfeh.ca.gov)
                                     Associate Chief Counsel
6                                    DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
                                     2218 Kausen Drive, Suite 100
7                                    Elk Grove, CA  95758

8        Jane Doe                    Ann Marie Arcadi (annmarie.arcadi@arcadijackson.com)
                                     Seema Tendolkar (seema.tendolkar@arcadijackson.com)
9                                    ARCADI JACKSON, LLP
                                     2911 Turtle Creek Blvd., Suite 800
10                                   Dallas, TX  75219

11

12       McNutt, IDMC                David B. Monks (dmonks@fisherphillips.com)
                                     FISHER & PHILLIPS LLP
13                                   4747 Executive Dr., Suite 1000
                                     San Diego, CA  92121
14

15
         SVGS, Bunker               Patrick C. Stokes (patrick.stokes@jacksonlewis.com)
16                                   JACKSON LEWIS P.C.
                                     333 W. San Carlos St. -- Riverpark Tower
17                                   Suite 1625
                                     San Jose, CA  95110
18

19       38.     Nothing in this Decree, nor any statements, discussions, or communications, nor any

20   materials prepared, exchanged, issued or used during the negotiations leading to this Decree (other than

21   documents produced by the Parties or non-parties in discovery and not specifically for the negotiations),

22   shall be admissible in any proceeding of whatever kind or nature as evidence of discrimination or other

23   wrongful conduct, or as evidence of any violation of Title VII of the Civil Rights Act, FEHA, the common

24   law of any jurisdiction, or any federal, state, or local law.  Notwithstanding the foregoing, the Decree

25   may be used by either Party in any proceeding in this Court to enforce or implement the Decree or any

26   orders or judgments of this Court entered in conjunction with the Decree.  The provisions of the

27   Protective Order (ECF No. 86) remain in effect and applicable to all Parties throughout the term of this

28

1   Decree; however, designation of material as "confidential" or "attorney eyes only" does not prevent the

2   Department from complying with its legislative mandate.

3        39.     Doe's Release. Doe hereby unconditionally, irrevocably, and absolutely releases, acquits,

4   and forever discharges Defendants and their attorneys, present and former parent, subsidiary, affiliated

5   or related entities, and all of their present and former employees, officers, directors, partners, agents,

6   attorneys, heirs, executors, administrators, successors, and assigns, from all losses, liabilities, claims,

7   charges, demands and causes of action, known or unknown, suspected or unsuspected, arising directly or

8   indirectly out of or in any way connected with Doe's alleged relationships with Defendants, including

9   the facts or circumstances underlying the Complaints and the Texas Lawsuit, through the date when this

10   Decree is fully executed.   Doe waives any rights she has, or after signing this Decree becomes aware

11   that she may have had, under California Civil Code section 1542, which provides as follows:

12        A general release does not extend to claims that the creditor or releasing party does not know or

13        suspect to exist in his or her favor at the time of executing the release and that, if known by him

14        or her, would have materially affected his or her settlement with the debtor or released party.

15        The consideration recited herein is accepted by Doe in full satisfaction of all claimed and

16   unclaimed damages and losses arising out of or related to any of the complaints filed by Doe and the

17   DFEH.

18        40.     Defendants' Release: Defendants hereby unconditionally, irrevocably, and absolutely

19   release, acquit, and forever discharge Doe and her attorneys, present and former parent, subsidiary,

20   affiliated or related entities, and all of her present and former employees, officers, directors, partners,

21   agents, attorneys, heirs, executors, administrators, successors, and assigns, from all losses, liabilities,

22   claims, charges, demands and causes of action, known or unknown, suspected or unsuspected, arising

23   directly or indirectly out of or in any way connected with Doe's alleged relationships with Defendants,

24   including the facts or circumstances underlying Doe's complaint-in-intervention, the Texas Lawsuit, and

25   the DFEH's complaint, through the date when this Decree is fully executed.   Defendants waive any rights

26   they have, or after signing this Decree become aware that they may have had, under California Civil Code

27   section 1542, which provides as follows:

28

1    A general release does not extend to claims that the creditor or releasing party does not know or

2    suspect to exist in his or her favor at the time of executing the release and that, if known by him

3    or her, would have materially affected his or her settlement with the debtor or released party.

4    The consideration recited herein is accepted by Defendants in full satisfaction of all claimed and

5    unclaimed damages and losses arising out of or related to any of the complaints filed by Doe and the

6    DFEH.

7    41.    Doe and Defendants shall bear their own costs and attorneys' fees.

8    42.    Binding. This Decree shall be binding on the Department, Jane Doe, Silicon Valley

9    Growth Syndicate I, L.L.C., Silicon Valley Growth Syndicate Fund I, L.P., International Direct Mail

10   Consultants, Inc., and Lee William McNutt. It is also binding upon all principals, agents, executors,

11   administrators, representatives, employees, successors-in-interest, beneficiaries, assigns, and legal

12   representatives thereof, to the extent those individuals acted upon the direction of a bound party.

13   43.    Non-Waiver. Failure by any Party to seek enforcement of this Decree pursuant to its terms

14   with respect to any instance or provision will not be construed as a waiver of such enforcement regarding

15   other instances or provisions.

16   44.    Severability. If any provision of this Decree is determined by any Court to be

17   unenforceable, the other provisions of this Decree shall nonetheless remain in full force and effect;

18   provided, however, that if the severance of any such provision materially alters the rights or obligations

19   of the Parties, the Parties shall engage in good-faith negotiations in order to adopt mutually agreeable

20   amendments to this Decree as may be necessary to restore the Parties as closely as possible to the initially

21   agreed-upon relative rights and obligations.

22   45.    Litigation Holds. The Parties agree that, as of the Effective Date, for purposes of the

23   Parties' preservation obligations pursuant to Federal Rule of Civil Procedure 26 and/or common law,

24   litigation is not "reasonably foreseeable" concerning the claims raised in the DFEH's complaint and in

25   Doe's complaint-in-intervention. To the extent that any Party previously implemented a litigation hold

26   to preserve documents and/or electronically-stored information related to the claims asserted in any of

27   those complaints, the Party is no longer required to maintain such a litigation hold. Nothing in this

28

1  paragraph relieves the Parties of their obligations to maintain documents, information, and/or data as
2  imposed by this Decree.

3      46.    Authority. The signatories represent that they have the authority to bind the respective
4  Parties identified below to the terms of this Decree.

5      47.    This Decree may be signed in counterparts, each of which shall be deemed to be an
6  original, and all of which taken together shall constitute one and the same Decree. Faxed, electronic
7  and/or email signatures shall be acceptable signatures for purposes of binding the Parties to the terms of
8  this Decree.

9

10  April 29, 2020

FOR THE CALIFORNIA DEPARTMENT OF
FAIR EMPLOYMENT & HOUSING

11  JANETTE WIPPER (#275264)
  Chief Counsel
12    Janette.Wipper@dfeh.ca.gov
MELANIE L. PROCTOR (#228971)
13    Associate Chief Counsel
  Melanie.Proctor@dfeh.ca.gov
14  ANDREW S. HUANG (#193730)
  Associate Chief Counsel
15    Andrew.Huang@dfeh.ca.gov
MARTHA L. GOMEZ (#274024)
16    Senior Staff Counsel
17    Martha.Gomez@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
18    AND HOUSING
2218 Kausen Drive #100
19  Elk Grove, CA 95758
Telephone: (916) 478-7251
20  Facsimile: (888) 382-5293
21
By: _____
22  Melanie L. Proctor
*Attorneys for Plaintiff*
23
24
25
26  FOR JANE DOE:
April 23, 2020  JANE DOE
27
28

-13-

*Dept. Fair Empl. & Hous. v. Silicon Valley Growth Syndicate I, L.L.C.., et al. (Doe) - 19-cv-04204-RS*
JOINT CONSENT DECREE AND [PROPOSED] ORDER

APPROVED AS TO FORM:
April 23, 2020

ARCADI JACKSON, LLP
ANN MARIE ARCADI (pro hac vice)
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: (214) 865-6458
annmarie.arcadi@arcadijackson.com

SETH ROSENBERG (#215235)
EMERGENT LLP
5 Third Street, Suite 1000
San Francisco, California 94103
Telephone: (415) 894-9284
Facsimile: (415) 276-8929
seth@emergent.law

By: _____
Ann Marie Arcadi
*Attorneys for Intervenor/Real Party in Interest
Jane Doe*

FOR DEFENDANTS:

Dated:
April __, 2020

_____
LEE WILLIAM McNUTT, III
*(For himself and for International Direct Mail
Consultants, Inc.)*

_____
RUSSELL LEWIS
*(For Silicon Valley Growth Syndicate I, L.L.C., and
for Silicon Valley Growth Syndicate Fund I, L.P.)*

1

APPROVED AS TO FORM:
April __, 2020

ARCADI JACKSON, LLP
ANN MARIE ARCADI (pro hac vice)
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: (214) 865-6458
annmarie.arcadi@arcadijackson.com

2

3

4

5

SETH ROSENBERG (#215235)
EMERGENT LLP
5 Third Street, Suite 1000
San Francisco, California 94103
Telephone: (415) 894-9284
Facsimile: (415) 276-8929
seth@emergent.law

6

7

8

9

10

By: _____
Ann Marie Arcadi
*Attorneys for Intervenor/Real Party in Interest
Jane Doe*

11

12

13

14

15

FOR DEFENDANTS:

16

17

Dated:
April 22, 2020

_LeeWilliamMcNutt_

LEE WILLIAM McNUTT, ▇
*(For himself and for International Direct Mail
Consultants, Inc.)*

18

19

20

21

_____

RUSSELL LEWIS
*(For Silicon Valley Growth Syndicate I, L.L.C., and
for Silicon Valley Growth Syndicate Fund I, L.P.)*

22

23

24

25

26

27

28

-14-

APPROVED AS TO FORM:
April ___, 2020

ARCADI JACKSON, LLP
ANN MARIE ARCADI (pro hac vice)
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: (214) 865-6458
annmarie.arcadi@arcadijackson.com

SETH ROSENBERG (#215235)
EMERGENT LLP
5 Third Street, Suite 1000
San Francisco, California 94103
Telephone: (415) 894-9284
Facsimile: (415) 276-8929
seth@emergent.law

By: _____
Ann Marie Arcadi
*Attorneys for Intervenor/Real Party in Interest
Jane Doe*

FOR DEFENDANTS:

Dated:
April 23, 2020

_____
LEE WILLIAM McNUTT, III
*(For himself and for International Direct Mail
Consultants, Inc.)*

_____
WILLIAM BUNKER
*(For Silicon Valley Growth Syndicate I, L.L.C., and
for Silicon Valley Growth Syndicate Fund I, L.P.)*

-14-

APPROVED AS TO FORM:
April 22, 2020

FISHER & PHILLIPS LLP
DAVID B. MONKS
David B. Monks (SBN 164232)
E-Mail: dmonks@fisherphillips.com
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

By: _____
David B. Monks
*Attorneys for Defendants Lee William McNutt, III,
and International Direct Mail Consultants, Inc.*

APPROVED AS TO FORM:
April __, 2020

JACKSON LEWIS, P.C.
PATRICK C. STOKES
Patrick C. Stokes (SBN 251558)
333 W. San Carlos St., Suite 1625
San Jose, California 95110
Telephone: (408) 513-2255
patrick.stokes@jacksonlewis.com

By: _____
Patrick Stokes
*Attorneys for Defendants Silicon Valley Growth
Syndicate I, L.L.C., Silicon Valley Growth
Syndicate Fund I, L.P., William Bunker, and
Russell Lewis*

-15-

1

APPROVED AS TO FORM:          FISHER & PHILLIPS LLP
April __, 2020                DAVID B. MONKS

2                             David B. Monks (SBN 164232)
                              E-Mail: dmonks@fisherphillips.com

3                             4747 Executive Drive, Suite 1000
                              San Diego, California 92121

4                             Telephone: (858) 597-9600
                              Facsimile: (858) 597-9601

5

6                             By: _____
                              David B. Monks

7                             *Attorneys for Defendants Lee William McNutt, III,*
                              *and International Direct Mail Consultants, Inc.*

8

9
APPROVED AS TO FORM:          JACKSON LEWIS, P.C.
April __, 2020                PATRICK C. STOKES

10                            Patrick C. Stokes (SBN 251558)
                              333 W. San Carlos St., Suite 1625

11                            San Jose, California 95110
                              Telephone: (408) 513-2255

12                            patrick.stokes@jacksonlewis.com

13

14                            By: _____
                              Patrick Stokes

15                            *Attorneys for Defendants Silicon Valley Growth*
                              *Syndicate I, L.L.C., Silicon Valley Growth*

16                            *Syndicate Fund I, L.P., William Bunker, and*
                              *Russell Lewis*

17

18

19

20

21

22

23

24

25

26

27

28

-15-

### ORDER AND PERMANENT INJUNCTION

IT IS SO ORDERED, and Defendants Silicon Valley Growth Syndicate I, L.L.C., Silicon Valley Growth Syndicate Fund I, L.P., International Direct Mail Consultants, Inc., and Lee William McNutt, and Plaintiff-Intervenor Doe, are permanently enjoined as indicated in Paragraphs 11 through 22, inclusive, of the Consent Decree.

IT IS SO ORDERED, and Defendants Silicon Valley Growth Syndicate I, L.L.C., Silicon Valley Growth Syndicate Fund I, L.P., International Direct Mail Consultants, Inc., and Lee William McNutt  are enjoined as indicated in Paragraphs 23 through 28, inclusive, of the Consent Decree.

The Consent Decree shall expire 60 months from the Effective Date. The Court shall retain jurisdiction to enforce the provisions of the Consent Decree.

Dated:    4/30/2020

RICHARD SEEBORG
United States District Judge

.

-16-